**Larrianté SUMBRY, Petitioner–
Appellant,**

v.

**Cecil DAVIS, Respondent–Appellee.**

No. 03–1429.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 3, 2003.*

Decided Dec. 8, 2003.

Rehearing Denied Dec. 30, 2003.

Larriante J. Sumbry, Indiana State
Prison, Michigan City, IN, for Petitioner–
Appellant.

David L. Steiner, Office of the Attorney
General, Indianapolis, IN, for Respondent-
Appellee.

Before BAUER, EASTERBROOK, and
DIANE P. WOOD, Circuit Judges.

### Order

Indiana law provides that inmates who
engage in frivolous or harassing litigation
may be penalized by a reduction in good-
time credits. (There is a similar, though
little-used, provision in federal law. See
28 U.S.C. § 1932.) The state deprived
Larrianté Sumbry of 120 days' good-time
credit after determining that he had en-
gaged in frivolous litigation. Sumbry
sought federal collateral relief under 28
U.S.C. § 2254, contending that the state
had violated the double jeopardy clause of
the fifth amendment (applied to the states
via the fourteenth amendment) by adding
together two 60–day deprivations, each
stemming from a separate conduct report,
to yield the 120–day total. Sumbry con-
tended that the two conduct reports
stemmed from a single incident, so that he
had been subjected to multiple punish-
ments. The district court denied his peti-
tion.

Sumbry's theory would be incorrect
even if this were a criminal prosecution.
As long as there is only one *proceeding,*
and hence one "jeopardy," there is no re-
striction on cumulative sentences. Wheth-
er a legislature provides that bank robbery
will be punished by one 20–year sentence,
or two consecutive 10–year sentences, is
unimportant, as they come to the same
thing. See, e.g., *Missouri v. Hunter,* 459
U.S. 359, 368, 103 S.Ct. 673, 74 L.Ed.2d
535 (1983); *Albernaz v. United States,* 450
U.S. 333, 340, 101 S.Ct. 1137, 67 L.Ed.2d
275 (1981); *Whalen v. United States,* 445
U.S. 684, 691–92, 100 S.Ct. 1432, 63
L.Ed.2d 715 (1980). But there is a deeper
problem. Administrative actions with re-
spect to good-time credits are not criminal
prosecutions. See, e.g., *Superintendent of
Walpole v. Hill,* 472 U.S. 445, 105 S.Ct.
2768, 86 L.Ed.2d 356 (1985); *Ponte v.
Real,* 471 U.S. 491, 105 S.Ct. 2192, 85
L.Ed.2d 553 (1985). How long the state
may require a person to serve is fixed by
the judgment of conviction; later events,
such as good-time credits, parole, and par-
don, may reduce that time, but the calcula-
tion of these reductions is not a new "jeop-
ardy" for constitutional purposes. That is
why a person who commits a new crime
while on probation or parole may be crimi-

---

* After an examination of the briefs and the
record, we have concluded that oral argu-
ment is unnecessary, and the appeal is sub-
mitted on the briefs and the record. See Fed.
R.App. P. 34(a); Cir. R. 34(f).

nally prosecuted following the revocation of that status; the revocation affects how much time is served on the original sentence but is not a new (or any) "jeopardy" with respect to the new crime. See *United States v. DiFrancesco*, 449 U.S. 117, 137, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980); *Garrity v. Fiedler*, 41 F.3d 1150 (7th Cir. 1994). Just so with good-time credits. See *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir.1996). Thus the double jeopardy clause is irrelevant to Sumbry's situation.

AFFIRMED